UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION |
| v. | NO. 1:11-CR-0280-CAP |
| STEPHEN WILLOUGHBY | |

**O R D E R**

This matter is before the court on the defendant's motion for a new trial [Doc. No. 54] pursuant to Fed. R. Crim. P. 33, the government's response in opposition [Doc. No. 55], and the defendant's reply [Doc. No. 56]. The motion is denied.

Rule 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Eleventh Circuit Court of Appeals has provided principles to circumscribe the court's discretion under Rule 33:

> The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases."

United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985) (citations omitted); accord United States v. Cox, 995 F.2d 1041,

1043 (11th Cir. 1993) (describing Martinez as a "rather restrictive standard").

The defendant argues there are five bases to set aside the the jury's verdict and grant a new trial. First, the jury's verdict on Count One was inconsistent with its verdict in Count Two. Second, the introduction of the defendant's 1996 guilty plea was error under Fed. R. Evid. 609(b). Third, the admission of Rule 404(b) evidence relating to Ms. Chawla and Ms. Ademoyero was error due to insufficient notice. Fourth, the evidence against the defendant was insufficient to sustain a guilty verdict in Count One. Fifth, the court erred in refusing to permit the jury to see a "luggage demonstration." The court will address these purported errors in sequence.

**1.   Logical Inconsistency Between Verdict on Counts One and Two**

A jury's verdicts are "insulated from review" on the ground that they are merely inconsistent. United States v. Mitchell, 146 F.3d 1338, 1344 (11th Cir. 1998) (citing United States v. Powell, 469 U.S. 57, 69 (1984)). Rather, the verdicts must be irrational or a logical impossibility in order to set them aside. Id. at 1345 ("Consequently, as long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count.").

Here, the jury was presented with two counts in the indictment. Count One charged the defendant with "bulk cash smuggling" in violation of 31 U.S.C. § 5332. Count Two charged him with wilfully failing to file a currency report in violation of § 5316. The jury returned a guilty verdict on Count One but Not Guilty on Count Two. The defendant argues that Count Two is essentially a lesser included offense of Count One because the § 5332 offense requires "intent to evade a currency reporting requirement under section 5316." Thus, the verdicts are logically inconsistent, the defendant argues, because "the jury necessarily had to find that Defendant did not intend to fail to file a report required by Section 5316."

This understanding is incorrect. The elements of a violation under § 5316 include a knowing and willful failure to file the required report. This is different than the "intent to evade" element that is present in § 5332. It is logically possible for one to **intend** to evade the currency reporting requirement (of § 5316) by smuggling into the United States over $10 thousand in a suitcase, and be guilty under Count One of this indictment, without actually knowingly and willfully failing to file the report. Because it is not logically impossible for the jury to find as it did, the verdicts will not be set aside on this ground. Powell, 469 U.S. at 69.

## 2. Remaining Purported Evidentiary Issues Do Not Support Grant of New Trial

Next, the defendant argues the court improperly admitted two pieces of evidence, relating to his contact with Ms. Chawla and Ms. Ademoyoro and his 1996 guilty plea. As an initial matter, the court notes that, even if all of these items had been excluded, there was other, sufficient evidence for the jury to find him guilty on Count One.[1] Thus, even if the court was in error, the evidence does not preponderate heavily against the verdict or create a "miscarriage of justice," Martinez, 763 F.2d at 1312–13, such that the court would set aside the verdict on that basis.

However, having carefully considered the record, the court finds no error in admitting this evidence. The Ademoyoro and Chawla evidence dealt with the defendant's previous involvement with those individuals and their bulk-cash transportation. During the defense's case at trial, the defendant testified about the source of his money and three other times when he had transported large amounts of money into the United States and encountered CBP agents. He also consented to the introduction of other instances of his prior acts that are not at issue in this motion. After cross-examining the defendant about his prior acts (including his

---

[1] The defendant also argues the evidence was "plainly insufficient to convict" on the bulk cash smuggling charge [Doc. No. 54, at 19]. The court finds this argument without merit.

encounters with Ademoyoro and Chawla), the government in rebuttal presented testimony from Officer Trahan and CBP Officer Gillen relating to the prior acts with Ademoyoro and Chawla. This evidence was admissible both as impeachment of the defendant's testimony and as Rule 404(b) evidence, where the government gave notice of its intent during trial and the defendant already had notice of other admissible prior acts. The defendant was not prejudiced because there were other, undisputedly admissible acts, and there is no suggestion (other than the defendant's bald assertion) that the evidence had a substantial influence on the outcome of the trial. See United States v. Bradley, 644 F.3d 1213, 1274 (11th Cir. 2011) (concluding the line of inquiry was harmless where it "neither surprised [the defendant] nor had a substantial influence on the jury's verdicts").

The admission of the defendant's 1996 guilty plea also was not error because the defendant tendered the conviction document during his direct testimony. Ohler v. United States, 529 U.S. 753, 760 (2000). However, the defendant argues this is "an appellate standard," and this court may reconsider its preliminary ruling that it was "inclined to admit" the conviction "may be considered in determining whether a new trial should be granted in the interest of justice." [Doc. No. 56, at 10-11]. The court concludes the appellate standards apply equally here, the preliminary ruling

5

was correct because the prior conviction for passport fraud was highly probative to substantially outweigh its prejudicial effect, and even if incorrect does not warrant grant of a new trial.

### 3. Refusal to Allow Jury to View the Suitcase

Finally, the defendant argues that the jury should have been allowed, in response to its note during deliberations, to view a "luggage demonstration." The suitcase at issue was used for demonstrative purposes during the defendant's testimony, but it was not tendered as evidence. The defendant concedes the court was within its discretion to not grant the jury's request to view an item not tendered into evidence. See [Doc. No. 54, at 21]. Thus, the denial was proper and is not a ground for a new trial.

### Conclusion

For the reasons discussed, the defendant's motion for a new trial [Doc. No. 54] is DENIED.

SO ORDERED, this 5th day of April, 2012.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge