```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| v. | NO. 1:11-CR-0280-CAP |
| STEPHEN WILLOUGHBY | |

**O R D E R**

This matter is before the court on the defendant's motions for bond pending appeal [Doc. No. 68] and for extension of time to voluntarily surrender [Doc. No. 73].

**I.   Motion for Bond Pending Appeal and Stay of Sentence**

  **A.   Legal Standard**

A defendant's eligibility for bond pending appeal is governed by 18 U.S.C. § 3143(b). The statute provides, in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In applying this statute, the Eleventh Circuit has held that in order to grant bail pending appeal, a court must find (1) that the defendant is not likely to flee or pose a danger to the safety of another person or the community if released, (2) that the appeal is not for the purpose of delay, (3) that the appeal raises a substantial question of law or fact, and (4) that if the question is determined favorably to the defendant on appeal, the decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). The burden of establishing these factors is on the defendant. Id. The standard for deciding that the defendant is not likely to flee or pose a danger to the safety of any person or the community is clear and convincing. 18 U.S.C. § 3143(b)(1)(A). The standard for deciding the remaining factors is the ordinary preponderance of the evidence standard. See United States v. Affleck, 765 F.2d 944, 953 n.15 (10th Cir. 1985).

Regarding the third factor, i.e., that the appeal raises a substantial question of law or fact, the Eleventh Circuit has defined a substantial question as "a 'close' question or one that very well could be decided the other way." Giancola, 754 F.2d at 901. In other words, the question must be "one of more substance than would be necessary to a finding that it was not frivolous."

Id.; see also United States v. Fernandez, 905 F.2d 350, 354-55 (11th Cir. 1990) (affirming a district court's conclusion that the defendant failed to raise any substantial questions of fact or law).

The district court may not deny bond without stating the reasons in writing. In re Smith, 823 F.2d 401, 401 (11th Cir. 1987).

B.  **Application of the Standard**

The defendant points out that the court has permitted him to remain on bond since the time of his conviction and sentence. He also points out that he has been on release, in total, for nearly a year already, has been on electronic monitoring, and has surrendered his passport. He also notes he has never failed to appear when required.

Nonetheless, while the defendant may not be a flight risk or a danger to the community,[1] the court concludes that he has not carried his burden of showing that the appeal raises a substantial question of law or fact. Nor has he shown that a favorable decision

---

[1] The court notes that, as pointed out in the government's brief in opposition, Mr. Willoughby has the burden backwards: He states repeatedly "there is no clear and convincing evidence" that he is likely to flee or poses a danger, but the statute and the Eleventh Circuit case law clearly place the burden on the defendant to show, by clear and convincing evidence, that he is **not** likely to flee or pose a danger to the community.

on appeal is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. Most of the issues raised in the motion for new trial and the present motion concern evidence the government was allowed to introduce at trial. As the court discussed in the order denying the motion for new trial, see [Doc. No. 65, at 4-6], even if the court erred by admitting the evidence, it is unlikely such error will result in a reversal or an order for new trial because there was other evidence sufficient to convict.

The other issue raised in the motion, whether the verdicts on counts one and two were logically inconsistent, does at least present a likelihood of a new trial if reversed. However, the court does not see this as a "close" enough question to create a substantial question of law or fact on appeal. See Giancola, 754 F.2d at 901. Thus, no ground in the defendant's motion meets this circuit's standard to grant bond on appeal. Therefore, the defendant's motion must be DENIED.

**II.   Motion for Extension of Time to Report**

Mr. Willoughby has been ordered to report to the Bureau of Prisons to begin serving his sentence on April 23, 2012 [Doc. No. 66]. The defendant's motion for an extension of time to report puts forward two reasons his report date should be moved by thirty or sixty days. First, he argues this would permit him to wait for the

court's order on his motion for bond pending appeal. As discussed, that motion is now decided. Second, he states an extension would assist him in making additional arrangements for his wife and child during his absence.

While the court acknowledges the difficulty Mr. Willoughby faces, he has been permitted to remain on bond since his conviction on January 12, 2012, over three months ago. He has not given sufficient reason to delay his sentence further, and therefore his motion is DENIED.

**III. Conclusion**

For the reasons discussed, the defendant's motions for bond pending appeal and for an extension of time to report or surrender [Doc. Nos. 68, 72] are DENIED.

SO ORDERED, this  17th  day of April, 2012.

/s/Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge